UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | No. 5:17-cr-00523 |
| | : | |
| JEROME DUGGAN, | : | |
| Defendant | : | |

# OPINION

**Motion for Relief pursuant to Rule 60(b), ECF No. 250 – Dismissed**

**Joseph F. Leeson, Jr.**
**United States District Judge**

**October 22, 2026**

## I. INTRODUCTION

In June 2025, this Court denied Defendant Jerome Duggan's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 on the merits. It also decided his Amended Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255, denying three claims on the merits and dismissing the fourth as untimely. Now pending is Duggan's Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) alleging that this Court failed to consider two issues when denying his § 2255 motions and challenging the same underlying conviction. For the reasons set forth herein, the Motion is construed as a second or successive § 2255 motion and is dismissed for lack of jurisdiction. Moreover, even if considered under Rule 60(b), the Motion would be dismissed as untimely and denied for lack of merit.

## II. BACKGROUND

On March 29, 2019, following a one-week jury trial, Duggan was convicted of five drug-related charges for events occurring in or about March 2016 through May 2016. *See* 2255 Opn.,

ECF No. 245.[1] He was sentenced on September 23, 2019, to 324 months imprisonment followed by five years of supervised release as well as a fine and a special assessment. His conviction and sentence were affirmed on direct appeal.

On December 1, 2022, Duggan timely filed a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 raising six grounds for relief based on the alleged ineffective assistance of trial and appellate counsel. *See* ECF Nos. 229, 239-240.[2] On June 23, 2023, he filed an Amended Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 stating four grounds for relief. *See* ECF Nos. 239-240. Relevant here are two claims raised in the Amended Motion, specifically:

> Ground One: "Counsel was ineffective when he failed to seek a judgment of acquittal in movant's case at the close of the government's evidence based on the charged drug conspiracy in count one of the superseding indictment."
>
> Ground Two: "Appellate counsel was ineffective when she failed to raise the argument that the evidence was insufficient to establish that movant was involved in a conspiracy to distribute 500 grams or more of methamphetamine as charge in count one of the superseding indictment."

Opn. 4-5 (citing ECF No. 240).

On June 5, 2026, this Court issued an Opinion and considering and denying on the merits all six grounds raised in the initial 2255 motion. *See* 2255 Opn. 8-12. *See also* 2255 Order, ECF

---

[1] A more detailed background is found in the Opinion dated June 5, 2025, denying the § 2255 motions.

[2] The Motion was filed on this Court's standard form, which provided the notice required by *United States v. Miller*, 197 F.3d 644 (3d Cir. 1997), advising Duggan of the one-year period of limitations to file a motion under 28 U.S.C. § 2255 and warning that: "28 U.S.C. § 2244(b)(3)(A) provides that before you can file a second or successive habeas corpus motion in the District Court you must file a motion with the Third Circuit Court of Appeals for an order authorizing the District Court to consider your second or successive habeas corpus motion." *See* 28 U.S.C. § 2255 form at https://www.paed.uscourts.gov/sites/paed/files/documents/forms/frmm2255.pdf. The form further cautioned that: "You must include in this motion all of the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all of the grounds in this motion, you may be barred from presenting additional grounds at a later date."

No. 244. In the same Opinion, the Court considered the Amended Motion to vacate, finding that it was filed after the one-year period of limitations expired and that only the first ground for relief related back, which was considered and denied on the merits. *See* 2255 Opn. 14-19. The remaining claims in the Amended Motion were dismissed as untimely and, as to the second and third grounds for relief, also denied on the merits. *Id.* at 19-22. Only the fourth ground for relief raised in the Amended Motion to Vacate,[3] which was dismissed as untimely, was not addressed on the merits[4] because it "share[d] no common core of operative fact with any claim" presented in either 2255 motion. *See id.* at 22. Duggan did not appeal.

On September 15, 2026, Duggan filed the instant Motion for Relief pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. *See* Mot., ECF No. 250. He acknowledges that his § 2255 motions were "denied on June 5, 2025, roughly over one year ago, [and] he must proceed under the sixth reason" of Rule 60(b). *Id.* at 7. However, he offers no explanation for not bringing his motion sooner. *See generally id.* Instead, Duggan simply argues that this Court failed to consider all his arguments regarding his claims that counsel was ineffective for failing to argue that there was insufficient evidence to convict him of the conspiracy charge. *Id.* at 9. He submits that these arguments were presented in his Amended Motion to Vacate in two instances. *Id.* First, with respect to the ineffectiveness of trial counsel, Duggan asserts that there were at least six elements needed to establish conspiracy and that this Court denied his claim

---

[3] Ground Four in the Amended Motion to Vacate stated: "Counsel was ineffective on the appeal level when she did not challenge the district court's denial of the suppression of the evidence associated with the search of the residence at 238 West Geopp [sic] Street." *See* Opn. 5 (citing ECF No. 240).

[4] *But see Rohn v. Horton*, 508 F. App'x 170, 171 (3d Cir. 2013) (holding that a § 2254 petition dismissed as untimely "counts as a ruling on the merits for purposes of 28 U.S.C. § 2244(b), [and the petitioner] must seek permission from this Court to file a second or successive habeas petition pursuant to § 2244(b)").

without specifically addressing these elements. *See id.* at 9-11. Second, Duggan asserts that both trial and appellate counsel were ineffective for failing to address the cases of *Bailey*[5] and *Pressler*[6] with respect to his argument that the evidence was insufficient to establish conspiracy, but this Court did not consider that counsel failed to use these cases. *See id.* at 11-15.

## III. LEGAL STANDARDS

### A. Motions under Fed. R. Civ. P. 60 – Review of Applicable Law

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). A "reasonable time" to file a motion under Rule (60)(b)(6) "is generally no more than a year after the entry of the judgment or order or the date of

5 *United States v. Bailey*, 840 F.3d 99, 108 (3d Cir. 2016).

6 Duggan refers to the case of *Shreffler*, who was a co-defendant of Pressler, but because the case is published under the caption *United States v. Pressler*, this Court refers to it under that name. *See United States v. Pressler*, 256 F.3d 144, 149 (3d Cir. 2001).

the proceeding." *See Mitchell v. Fuentes*, 761 F. App'x 109, 111 (3d Cir. 2019) (internal quotations omitted)).

A "movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535. The movant bears a heavy burden of proof that extraordinary circumstances are present. *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991); *United States v. Rota*, No. 94-0003-1, 1999 U.S. Dist. LEXIS 562, *5 (E.D. Pa. 1999). "Such circumstances will rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535.

**B. Successive Motions to Vacate, 28 U.S.C. § 2255 – Review of Applicable Law**

Motions filed under 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution or laws of the United States or are otherwise subject to collateral attack. *Davis v. United States*, 417 U.S. 333, 343 (1974); *O'Kereke v. United States*, 307 F.3d 117, 122-23 (3d Cir. 2002). But a "second or successive motion must [first] be certified as provided in section 2244 [28 U.S.C. § 2244] by a panel of the appropriate court of appeals...." 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Where a defendant fails to obtain prior authorization from the court of appeals, the district court lacks jurisdiction. *See Pelullo v. United States*, 487 Fed. App'x 1, 2 n.2 (3d Cir. 2012); *United States v. Rodriguez*, 327 Fed. App'x 327, 329 (3d Cir. 2009) (holding that the "district courts lack jurisdiction over second or successive § 2255 motions without proper authorization from a panel of the court of appeals"). "When a second or successive habeas petition is erroneously filed in a district court without the

permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002), *cert. denied* 540 U.S. 826 (2003).

## IV. ANALYSIS

### A. The Rule 60(b) Motion is construed as a successive motion pursuant to 28 U.S.C. § 2255 and is dismissed for lack of jurisdiction.

"The Court must first consider whether this motion is properly brought under Rule 60(b) or whether it is a second or successive § 2255 petition." *Rosario v. United States*, No. 14-5592, 2023 U.S. Dist. LEXIS 68302, at *5 (D.N.J. Apr. 19, 2023). *See also Davenport v. Brooks*, No. 06-5070, 2014 U.S. Dist. LEXIS 51047, at *10-11 (E.D. Pa. Apr. 14, 2014) ("When a motion is filed in a habeas case under a Rule 60(b) . . . label, the district court must initially determine whether the motion is actually a 'second or successive' habeas petition within the meaning of § 2244(b)."). It is "the function of the motion, not its caption" that controls. *See Turner v. Evers*, 726 F.2d 112, 114 (3d Cir. 1984). *See also United States v. Bohn*, No. 92-61-02, 1999 U.S. Dist. LEXIS 18522, at *9 (E.D. Pa. Nov. 9, 1999) ("[I]f it walks and talks like a successive § 2255 motion, then we shall treat it as such."). A "habeas petitioner cannot circumvent the strictures of 28 U.S.C. § 2244, which governs the filing of second or successive habeas petitions, by simply labeling his paper a motion under Rule 60." *United States v. Brown*, No. 99-730, 2013 U.S. Dist. LEXIS 99616, at *20 (E.D. Pa. July 16, 2013) (finding that the Rule 60(b) motion was actually a second or successive § 2255 motion and dismissing for lack of jurisdiction). "'Rule 60(b) has an unquestionably valid role to play in habeas cases,' but it does not allow petitioners to file second or successive petitions." *Williams v. Larkins*, No. 98-6782, 2023 U.S. Dist. LEXIS 121987, at *5 (E.D. Pa. July 14, 2023) (quoting *Gonzalez*, 545 U.S. at 534). A Rule 60(b) motion that "attacks

the federal court's previous resolution of a claim *on the merits*" presents a second or successive habeas claim. *Gonzalez*, 545 U.S. at 532.

Duggan previously filed two § 2255 Motions to Vacate, which were considered on their merits and denied. The instant Rule 60(b)(6) Motion asserts that this Court's Opinion denying the § 2255 motions failed to address two arguments attacking his conviction. Accordingly, it is a successive motion under § 2255. *See Gonzalez*, 545 U.S. at 532; *United States v. Fake*, 416 Fed. App'x 134, 136 (3d Cir. 2011) (holding that where an earlier § 2255 motion was denied on the merits, "any subsequent § 2255 motion filed by [the defendant] is second or successive" and requires leave from the court of appeals before filing); *United States v. Whoolery*, No. 10-144-02, 2017 U.S. Dist. LEXIS 7003, at *18 n.3 (W.D. Pa. Jan. 18, 2017) (explaining that a Rule 60(b) motion that attacks the federal court's resolution of a previous § 2255 motion on the merits is considered a second or successive § 2255 motion"). Duggan did not have permission from the Court of Appeals to file a successive motion. Accordingly, this Court does not have jurisdiction to entertain the Motion and it is dismissed for lack of jurisdiction. *See United States v. Williams*, No. 11-223-1, 2017 U.S. Dist. LEXIS 11342, at *6 (E.D. Pa. Jan. 27, 2017) (dismissing the Rule 60(b) motion, which challenged the court's previous determinations of his 2255 motion on the merits, for lack of jurisdiction as a successive 2255 motion); *Ferguson v. United States*, No. 03-72, 2016 U.S. Dist. LEXIS 53150, at *23 (W.D. Pa. Apr. 20, 2016) (denying the Rule 60(b) motion for lack of jurisdiction as a second or successive 2255 motion where it made arguments that "were either previously raised with this court and the court of appeals or should have been raised with this court or the court of appeals"); *United States v. Jones*, No. 06-367, 2015 U.S. Dist. LEXIS 15520, at *18-19 (E.D. Pa. Feb. 9, 2015) (deeming the Rule 60(b) motion, which incorrectly alleged that the court failed to consider an argument in his § 2255 motion as a request

to reconsider his argument and overturn its decision, "which makes this claim a successive habeas petition that cannot be brought under Rule 60(b)").

A certificate of appealability is denied. *See United States v. Himmelreich*, No. 22-1097, 2022 U.S. App. LEXIS 36422, at *1 (3d Cir. June 30, 2022) (denying a certificate of appealability because "[j]urists of reason would agree, without debate, that [the defendant's] Rule 60(b) motion was essentially an unauthorized second or successive § 2255 motion that the District Court lacked jurisdiction to consider").

**B. The Motion, if considered under Rule 60(b), would be dismissed as untimely and denied for lack of merit.**

Assuming arguendo, that this Court has jurisdiction to consider the Motion under Rule 60(b) and that it is not a second or successive § 2255 motion,[7] it is untimely. *See Lloyd v. Presby's Inspired Life*, 834 F. App'x 771, 773 (3d Cir. 2020) (A "party generally may not invoke Rule 60(b)(6) to evade application of the one-year time limitation prescribed for (b)(2) and (b)(3)."). The Court denied the original and amended § 2255 motions on June 5, 2025, but the instant Rule 60(b)(6) Motion was not filed until September 15, 2026. Fifteen (15) months is not a reasonable time. *See Williams v. City of Erie Police Dep't*, 639 F. App'x 895, 898 (3d Cir. 2016) (affirming dismissal of Rule 60(b)(6) motion as untimely where it was filed "nearly seventeen months after the District Court entered judgment"); *Walker v. Ebbert*, No. 1:16-cv-2387, 2019 U.S. Dist. LEXIS 224503, at *4 (M.D. Pa. Oct. 8, 2019) (finding that the "Plaintiff

[7] *Cf. Ferguson*, 2016 U.S. Dist. LEXIS 53150, at *30 n.8 (suggesting that an assertion that the district court failed to consider arguments raised by the defendant with respect to his § 2255 motion "may be construed as an attack on the integrity of petitioner's habeas proceedings"), *with Jones*, 2015 U.S. Dist. LEXIS 15520, at *15 (finding that the defendant's argument that the order denying his § 2255 motion should be set aside under Rule 60(b) because the district court failed to consider certain arguments he had raised in his § 2255 motion were "substantive claims constituting successive habeas claims that cannot be brought under Rule 60(b)").

failed to file his motion within a reasonable time after the entry of judgment, as he waited approximately fourteen (14) months to file his motion"); *United States v. Manna*, Nos. 88-239, 97-2034, 2006 U.S. Dist. LEXIS 77982, at *15 (D.N.J. Oct. 25, 2006) (finding that the Rule 60(b)(6) "filed over thirteen months after the alleged judicial impropriety was discovered, was not brought within a reasonable period of time").

Moreover, Duggan has not demonstrated extraordinary circumstances excusing his delay. *See Gonzalez*, 545 U.S. at 535 (holding that extraordinary circumstances "rarely occur in the habeas context"); *Montanez v. Kauffman*, No. 19-2970, 2023 U.S. Dist. LEXIS 107575, at *5 (E.D. Pa. June 21, 2023) ("Generally, Rule 60(b)(6) motions are untimely if filed more than one year after final judgment, absent 'extraordinary circumstances' excusing the movant's delay."). The issues in the instant motion were immediately apparent upon receipt of the June 5, 2025 Opinion denying the § 2255 motions, but Duggan offers no explanation for his delayed Rule 60(b) Motion. Duggan also could have presented his Rule 60(b) arguments on direct appeal from the denial of his § 2255 motions, but failed to file an appeal, also without explanation. *See United States v. Pavulak*, No. 24-2313, 2024 U.S. App. LEXIS 33465, at *1-2 (3d Cir. Nov. 5, 2024) (holding that even if the motion were construed under Rule 60, relief "would not be warranted because the defendant] had an opportunity to raise his current arguments in his appeal from the denial of his § 2255 motion"); *United States v. Cleckley*, No. 02:09-cr-0246, 2014 U.S. Dist. LEXIS 101897, at *8 (W.D. Pa. July 25, 2014) (denying Rule 60(b)(6) motion because the defendant "already had his one bite at the § 2255 apple, and he ha[d] not identified any extraordinary circumstances that would justify giving him another"). *See also United States v. Fausnaught*, No. 3:03-CR-32, 2018 U.S. Dist. LEXIS 67111, at *7-8 (M.D. Pa. Apr. 20, 2018) (holding that a "Rule 60(b) motion may not be used as a second bite at the apple").

Even if the Motion were timely, it would be denied as meritless. The Rule 60(b) Motion asserts that this Court failed to address two issues: (1) the "six elements the Government must show [to prove that] the buyer/seller has a stake in the larger conspiracy beyond the buyer/seller relationship," and (2) appellate counsel's failure to raise the cases of *Bailey* and *Pressler*. *See* Mot. 9-15. Significantly, however, neither Duggan's Amended Motion to Vacate, which is where the grounds for relief based on the sufficiency of the evidence to establish a conspiracy were raised, nor his Memorandum of Law filed in support thereof made mention of either the six elements or of the cases of *Bailey* and *Pressler*. *See* ECF Nos. 239-240. Accordingly, this Court could not have erred by failing to discuss something that Duggan never raised. Furthermore, this Court thoroughly addressed his claims that trial and appellate counsel were ineffective for not challenging the sufficiency of the evidence that allegedly showed "he was not in a conspiratorial relationship with Culbreath but rather in a buyer-seller relationship." *See* 2255 Opn. 14-19. This Court's analysis was consistent with the law in *Bailey* and *Pressler*.[8] *See Bailey*, 840 F.3d at 108 ("In drug conspiracy cases, the government must prove that the defendants were not merely engaged in 'buyer-seller' relationships with their suppliers."); *Pressler*, 256 F.3d at 149 ("There is no conspiracy unless the defendant agrees to work with someone else, but rarely is there direct evidence of a qualifying agreement. Consequently, the offense is usually provable only through circumstantial evidence."). This Court discussed several phones calls among the co-conspirators,

[8] Contrary to Duggan's suggestion, the Government need not prove the six elements; rather, they are merely "factors that demonstrate a defendant was part of a conspiracy rather than in a mere buyer/seller relationship with that conspiracy" but are not all inclusive. *See Bailey*, 840 F.3d at 108-09 ("These factors do not necessarily establish membership in a conspiracy as opposed to a buyer-seller relationship, but 'their presence suggests that a defendant has full knowledge of, if not a stake in, a conspiracy.'" (citing *United States v. Gibbs*, 190 F.3d 188, 199 (3d Cir. 1999)).

as well as other evidence of conspiracy, which was "sufficient for the jury to find each of the elements of the conspiracy." *See* 2255 Opn. 16-18.

Accordingly, the Motion, to the extent it is could be considered pursuant to Rule 12(b)(6), would be dismissed as untimely and denied as lacking merit.

## V. CONCLUSION

Duggan's Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) alleges that this Court failed to consider two arguments when it denied his § 2255 motion in June 2025. Because The Rule 60(b)(6) Motion presents a second or successive § 2255 motion, it is dismissed for lack of jurisdiction. Regardless, even if the Motion could be considered under Rule 60(b), it would be dismissed as untimely because fifteen months is not a "reasonable time" and there are no "extraordinary circumstances" excusing the delayed filing. Additionally, it would be denied for lack of merit because this Court, applying correct law, thoroughly considered Duggan's claims relating to the sufficiency of the evidence to support his conspiracy conviction. For all these reasons, the Motion is dismissed.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge